the property by quitclaim deed. In Devlin on Deeds (2d Ed.) vol. 3, p. 1654, it is said: "If the vendor remains in possession of the property after the alleged sale, this is a circumstance that tends to show that it was not really a sale but a mortgage for such continuing possession in the vendor, after a sale, if not inconsistent with the sale, is an unusual accompaniment of it."

In L. R. A. 1916B, page 284, heading "Circumstances Constituting Indicia of Mortgage" it is said: "Does possession remain with the maker of the conveyance? This circumstance repels the idea of a sale; for the vendee in case of a sale would take possession."

In Gibbs v. Penny, 43 Tex. 563, it was said: "In this case, if we regard the object of the parties, it does not appear to have been a sale. If we look to the surrounding circumstances, the inadequacy of the price, and the necessitous circumstances of Penny, coupled with the fact of his renting the place for the current year as his own, they add force to more direct evidence of intention."

It follows that the judgment of the lower court should be reversed and remanded for new trial, and it is accordingly so ordered.

procured by appellee. Appellee brought this suit to rcover a commission upon a policy of insurance issued by appellant to S. J. Waugh, and from an adverse judgment the defendant appeals.

The evidence shows appellee procured the insurance, though appellant's district manager, Ashby, finally closed the contract with Waugh. As to this appellant makes no point, but asserts Waugh was induced to take the insurance upon an agreement to allow him a rebate of one-third of the first year's commission. Such an agreement is forbidden by article 5053, R. S., as amended by Acts 1929, 1st Called Sess., c. 3, § 1 (Vernon's Ann. Civ. St. art. 5053). It is asserted the undisputed evidence shows Ashby made such an agreement; that plaintiff was a party thereto, and he cannot maintain the action because of the unlawful nature of the agreement out of which it arises.

The evidence clearly supports the view that appellee was not a party to any such agreement. The question is one of fact, under the evidence, and the finding of the jury, in appellee's favor, controls.

Affirmed.

### NATIONAL STANDARD LIFE INS. CO. v. FLEMING.

No. 2917.

Court of Civil Appeals of Texas. El Paso.

Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

Jos. W. Bailey, Jr., of Dallas, for appellant.
W. O. Scott, of Dallas, for appellee.

HIGGINS, Justice.

Appellee was an insurance solicitor for appellant. Under the contract of employment, appellant agreed to pay him a commission on the first year's premiums on all insurance

### PATTON et al. v. ASHWORTH.

No. 2908.

Court of Civil Appeals of Texas. El Paso.

Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

